Kimberly A. Kralowec (Cal. Bar No. 163158)
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, CA  94105
Telephone:     (415) 546-6800
Facsimile:      (415) 546-6801
*kkralowec@kraloweclaw.com*

Lee S. Shalov (*pro hac vice* application to be filed)
Brett Gallaway (*pro hac vice* application to be filed)
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY  10016
Telephone:     (212) 448-1100
Facsimile:      (212) 448-0066
*lshalov@mclaughlinstern.com*
*bgallaway@mclaughlinstern.com*

Louis Ginsberg (*pro hac vice* application to be filed)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, NY  11576
Telephone:     (516) 625-0105 X.13
*lg@louisginsberglawoffices.com*

Attorneys for Plaintiffs and the Putative Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ADAM KILKER and BRANDON FISHER on behalf of themselves and all others similarly situated,

           Plaintiffs,

    v.

APPLE INC., a California corporation,

           Defendant.

Case No. **CV  13  3775**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

COMPLAINT

1    Plaintiffs ("Plaintiffs"), on behalf of themselves and all other similarly situated persons, by and

2    through their undersigned counsel, allege upon personal knowledge as to themselves and upon

3    information and belief as to other matters (which is based on, among other things, their experiences at

4    Defendant's stores, review of Defendant's records, conversations with Defendant's employees and

5    investigation of their counsel), as follows:

6    ## NATURE OF ACTION

7    1.       Plaintiffs bring this action on behalf of themselves and all other similarly situated

8    current and former hourly paid and non-exempt Genius Bar Employees ("Geniuses"), Specialists,

9    Lead Specialists and Expert Specialists ("Specialists") and Managers, Senior Managers,

10   Developmental Managers and Business Managers ("Managers," and, together with Specialists, "Apple

11   Hourly Employees") of Defendant Apple Inc. ("Apple" or "Defendant").   The Defendant in this

12   action, by virtue of its management and control over the wages and work of Apple Hourly Employees,

13   is an "employer" under applicable labor law.

14   2.       Apple operates as one of the world's largest global technology companies which

15   designs, manufactures and markets mobile communication and media devices, personal computers,

16   and portable digital music players, and sells a variety of related software, services, peripherals,

17   networking solutions, and third-party digital content and applications.   Apple has a presence and retail

18   stores in 13 countries, including a permanent presence in California, and employs approximately

19   72,800 people, 42,400 of who work in Apple's retail segment.

20   3.       A Genius's duties include addressing various hardware and software issues with Apple

21   products. A Specialist's duties include customer support relating to retail sales of Apple products and

22   accessories.  Specialists are also required to have knowledge of and be able to perform light diagnostic

23   checks on Apple hardware and software.  A Manager's duties include overseeing the Specialists and

24   tending to customer-related needs.  Managers are non-exempt hourly paid employees who are entitled

25   to overtime compensation.

26   4.       As particularized below, Apple has engaged and continues to engage in illegal and

27   improper wage practices that have deprived Apple Hourly Employees throughout the United States of

28   millions of dollars in wages and overtime compensation.  These practices include requiring Apple

Hourly Employees to wait in line and undergo two off-the-clock security bag searches and clearance checks when they leave for their meal breaks and after they have clocked out at the end of their shifts. These "personal package and bag searches" are done for the sole benefit of Apple; are a uniform practice and policy in all Apple retail stores nationwide; and are not imposed on Apple's customers. This illegal practice and policy has been known to the Defendant for years and Apple continues to require Apple Hourly Employees to endure these required but uncompensated security checks. For these reasons, Plaintiffs bring this action on behalf of themselves and other Apple Hourly Employees to recover unpaid wages, overtime compensation, penalties, interest, injunctive relief, damages and reasonable attorneys' fees and costs under, among other statutes, the Fair Labor Standards Act (the "FLSA") §§ 201 *et. seq.*, Mass Gen. Laws Ch. 151 §§ 1A and 1B, and Ohio Revised Code §§ 4111 *et seq.*

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §216(b).

6.    This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. 1332(d). This is a proposed class action in which: (a) there are 100 or more members in each proposed class; (b) at least some members of each proposed class have a different citizenship from the Defendant; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law wage and hour claims because those claims derive from a common nucleus of operative fact.

8.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant is headquartered in this judicial district and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

9.    This matter is properly assigned to the San Francisco Division of this District pursuant to Civil Local Rule 3-2(c) because Defendant maintains numerous retail stores within the counties comprising the San Francisco Division and employs numerous hourly non-exempt employees at those

1    locations, who, on information and belief, were subjected to Defendant's mandatory personal package

2    and bag search policy challenged by this action.  As stated in Defendant's written rules, the mandatory

3    personal package and bag search policy "appl[ies] to all employees of Apple Inc. and participating

4    subsidiaries in the United States." *See* Apple Employee Policies.  Therefore, a substantial part of the

5    events or omissions that give rise to the claims occurred within this Division within the meaning of

6    Civil Local Rule 3-2(c).

## THE PARTIES

8    **Plaintiffs**

9        **Adam Kilker**

10        10.    Plaintiff, Adam Kilker, is a resident of Milford, Massachusetts.  Mr. Kilker was

11   employed by Apple on a part-time basis as a Specialist at the CambridgeSide Galleria retail store in

12   Cambridge, Massachusetts from October 20, 2007 until August 15 2012 and at the Natick Collection

13   retail store in Natick, Massachusetts from September 1, 2012 until May 27, 2013.  Mr. Kilker was paid

14   an hourly rate of between approximately $14.00 -- $18.30.  Throughout Mr. Kilker's employment at

15   Apple, he was required to undergo personal package and bag searches before he was permitted to

16   leave the store for his uncompensated meal breaks and before he was permitted to leave the store after

17   he had clocked out at the end of his shifts.  These security checks were significant, integral,

18   indispensable, not a de minimis task or request and done solely for Apple's benefit to prevent

19   employee pilferage.  By way of example, during any week of his employment from 2007 through

20   2013, Mr. Kilker waited in line to undergo a "personal package and bag search" for at least 5-10

21   minutes without compensation prior to leaving for all of his uncompensated meal breaks and for at

22   least 5-10 minutes prior to leaving at the end of all of his shift once he had already clocked out.  As a

23   specific example, Mr. Kilker was required to wait in line for off-the-clock security checks before

24   leaving for his meal break and at the end of his shift for 10-20 minutes every day during the week of

25   February 2, 2013 to February 8, 2013.  However, because of Defendant's improper uncompensated

26   security check policies as described more fully below, Mr. Kilker was deprived of wages as required

27   by the FLSA and Mass. Gen. Law.  During any given week, Mr. Kilker worked approximately 50

28   minutes to 1.5 hours of uncompensated straight-time and overtime.  By conservative calculations, this

1    equated over the course of one year to an aggregate amount of approximately $850.00 in
2    uncompensated hours worked and overtime.

3    **Brandon Fisher**

4    11.    Plaintiff, Brandon Fisher, is a resident of Nashville, Tennessee. Mr. Fisher was
5    employed by Apple on a full-time basis as a Specialist at Apple's Easton Towne Center retail store in
6    Columbus, Ohio from March 2010 until November 2011, and at Apple's Greenhills retail store in
7    Nashville, Tennessee from November 2011 until June 2012. Mr. Fisher was paid an hourly rate of
8    approximately $14.00. Throughout Mr. Fisher's employment at Apple, he was required to undergo
9    personal package and bag searches before he was permitted to leave the store for his uncompensated
10   meal break and before he was permitted to leave the store after he had clocked out at the end of his
11   shift. These security checks were significant, integral, indispensable, not a de minimis task or request
12   and done solely for Apple's benefit to prevent employee pilferage. By way of example, during any
13   week of his employment from 2010 through 2012, Mr. Fisher waited in line to undergo a "personal
14   package and bag search" for at least 10-15 minutes without compensation prior to leaving for all of his
15   uncompensated meal breaks and for at least 10-15 minutes prior to leaving at the end of all of his shift
16   once he had already clocked out. As a specific example, Mr. Fisher was required to wait in line for
17   off the clock security checks before leaving for his meal break and at the end of his shift for 20–30
18   minutes every day during the week of December 19, 2011 to December 25, 2011. However, because
19   of Defendant's improper uncompensated security check policies as described more fully below, Mr.
20   Fisher was deprived of wages as required by the FLSA and NYLL. During any given week, Mr.
21   Fisher worked approximately 1 hour to 1.5 hours of uncompensated overtime. By conservative
22   calculations, this equated over the course of one year to an aggregate amount of approximately $1,000
23   in uncompensated hours worked and overtime.

24   **Defendant**

25   12.    Apple is a publically traded company which conducts business throughout the United
26   States and abroad. It was established and incorporated under the laws of California and has its
27   principal headquarters in California.

28   13.    Apple designs, manufactures and markets mobile communication and media devices,

- 4 -
COMPLAINT

1    personal computers, and portable digital music players, and sells a variety of related software,

2    services, peripherals, networking solutions, and third-party digital content and applications.  Apple

3    employs approximately 72,800 people, 42,400 of whom work in Apple's retail segment.  Additionally,

4    Apple operates out of 13 countries, has approximately 390 retail stores and generated net sales of

5    $156.5 billion in 2012.

6        14.    The wages and hours and all of Defendant's related employee compensation policies

7    are and were centrally and collectively dictated, controlled, and ratified.  As such, Defendant had the

8    power to control the wage policies and practices described herein through its oversight of day-to-day

9    operating procedures, control over employee work schedules, ability to determine employees' rate of

10   pay, and ability to control Apple's record keeping practices. As such, Defendant is the "employer" –

11   single, joint or otherwise – of Plaintiffs and other members of the proposed classes described below.

12

13                                   **FACTUAL ALLEGATIONS**

14   **Background**

15       15.    Apple has thousands of hourly paid non-exempt Geniuses, Specialists and Managers.

16   Each Genius, Specialist and Manager is employed at a specific Apple retail store.

17       16.    Each Apple retail store has numerous managers who are responsible for overseeing the

18   Geniuses and Specialists and assigning daily tasks. These Managers, who are hourly paid, non-exempt

19   employees, are subject to the same "personal package and bag searches" as those conducted upon

20   Geniuses and Specialists and are members of the putative class that Plaintiffs seek to represent.

21   However, Supervisors and others with executive positions who are paid fixed salaries are not members

22   of the classes that Plaintiffs seek to represent in this action.

23       17.    Apple hired Plaintiffs and promised to pay hourly wages for their work.  On average,

24   full-time Geniuses, Specialists and Managers are paid between minimum wage and $30.00 per hour

25   and have a standard work week of 40 hours.  Moreover, each full-time employee is entitled to a daily

26   unpaid meal break of one hour.

27       18.    Apple Hourly Employees are required to clock in when they arrive at work, clock out

28   when they go on a meal break, clock in when they return from a meal break and clock out when they

1   leave for the day. The time-keeping system and the procedures for using it are the same at each Apple

2   retail store. In this regard, Apple uses time tracking software developed by Kronos Inc. The software

3   requires Apple Hourly Employees to enter a username and password to clock in and clock out each

4   day.

5   **Apple's Personal Package and Bag Check Policy Deprives Employees of Compensation When**
    **They Perform Services For The Defendant's Benefit**

6

7       19.     Pursuant to a uniform nationwide policy originated by Apple, "[a]ll employees,

8   including managers and Market Support employees, are subject to personal package and bag

9   searches." *See* Apple Employee Conduct Manual. If an Apple Hourly Employee refuses to submit to

10  this security screening or deviated from the corporate policy in any way, it "could result in

11  disciplinary action, up to and including termination." *See* Apple Employee Policies. Apple Hourly

12  Employees were and are required to wait in line and be searched for potential or possible store items

13  or merchandise taken without permission and/or other contraband. Thus, at the discretion and control

14  of the Defendant and solely for its benefit, Plaintiffs and other Apple Hourly Employees were and are

15  required to wait in line for security checks for at least 10–15 minutes each day before leaving for their

16  meal break and at the end of their shift after they had already clocked out. This daily 10–15 minute

17  uncompensated waiting time during security checks was done in order to undergo searches for

18  possible contraband and/or pilferage of inventory. This security screening includes the inspection of

19  employee bags and other personal containers as well as checking employee "Personal Technology

20  Cards" which list each employees' personal Apple devices and serial numbers so they can be checked

21  against what devices the employee has on their person or in their belongings prior to exiting the store.

22  Because such screening is designed to prevent and deter employee theft, a concern that stems from the

23  nature of the employee's work (specifically, their access to high value electronics and merchandise),

24  the security checks and consequential wait time are necessary to the employee's primary work as retail

25  employees and done solely for Apple's benefit.

26      20.     A large number of Specialists and Managers leave for lunch at the same time and/or

27  end their shift at the same time. This creates lengthy lines and backups for managers, members of the

28  security team and others authorized to conduct security screenings who are often times engaged in

    other job related duties. As a result, Apple Hourly Employees are forced to wait in these lines and

1  undergo lengthy off-the-clock security screenings before they are allowed to leave the premises.  This

2  work, done primarily for the employer's benefit, is time which Apple Hourly Employees should be,

3  but are not compensated for, both straight hours and overtime hours worked in excess of 40 in a week

4  or, in California, in excess of 8 in a day.

5          21.     Apple's corporate employee conduct policy mandates and requires that Specialists

6  "[f]ind a Manager or member of the security team (where applicable) to search [their] bags and

7  packages before [they] left the store."  *See* Apple Employee Conduct Manual.  Additionally, the policy

8  forbids Specialists and Managers from leaving the store "prior to having [their] personal package or

9  bag searched by a member of management or the security team (where applicable)." *Id.*  Furthermore,

10  these policies are uniform throughout every Apple retail store and "apply to all employees of Apple

11  Inc. and participating subsidiaries in the United States." *See* Apple Employee Policies.  Thus, these

12  uncompensated wait times and security screenings unlawfully deprive all Specialists in Apple's retail

13  stores throughout the country of proper compensation.

14          22.     Apple has been aware for years that the uncompensated security screening policy is

15  improper and has willfully ignored repeated complaints from their employees who have questioned

16  why the required security checks and associated wait time are done off the clock and the legality of

17  such a practice.   In an email sent to the Apple "Leadership Team" on November 5, 2012, one

18  employee writes:

19          I'm writing to ask for clarification of the tech checks policy. I understand that store
        policy is to perform a personal technology check every time an employee leaves the
20          store.  My concern is that since it's a work-related activity, tech checks shouldn't be
        performed off the clock or while on break.  There is an obvious issue here - the point
21          of the policy is to prevent employees from accidentally walking off with store
        property, but we often have to wait for minutes at a time because of how busy the
22          store has become.  If we are being paid for this (since it's a work requirement), it's not
        a problem, but then we have to go in the back of the store (where there's inventory) to
23          clock out, which seems to negate the effectiveness of the whole policy.
24
        Should we be off the clock when waiting for a tech check, or perform the tech check
25          on the floor, clock out in back, and then leave the store?  Should our 15s start (if we
        are leaving the store) before or after the tech check on the floor?  Based on my
26          knowledge of cases like this with major retailers, I am trying to help Apple to avoid a
        lawsuit by pointing out this potential problem.
27
28

23.     Apple has not addressed and/or changed its uncompensated security screening procedures in response to these employee complaints or any other internal concerns regarding this policy and has continued to willfully deny employees out of millions of dollars in straight and overtime compensation.  By bringing this lawsuit, Plaintiffs intend to finally stop this ongoing and unlawful practice and recover back wages and overtime to which they are rightfully entitled.

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

24.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

25.     Plaintiffs, Adam Kilker and Brandon Fisher, bring the FLSA collective claim described below on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of:

> All Apple Hourly Employees who worked in an Apple, Inc. retail store in the United States, who are or were employed within the three years preceding the filing of this action by the Defendant, and who were: (a) not compensated for off-the-clock time spent waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

26.     Excluded from the FLSA Collective Class are Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Apple.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective Class.

27.     Plaintiffs are unable to state the exact number of class members without discovery of Defendant's books and records but estimate the class to exceed several thousand individuals.

28.     Defendant improperly benefited from Plaintiffs' and the FLSA Collective Class members' uncompensated work while waiting in lengthy security check lines and undergoing personal package and bag searches.  Defendant also failed to pay Plaintiffs and members of the FLSA Collective Class time-and-one-half their regular rate of pay for hours worked beyond forty hours in a workweek.

29.     Defendant's unlawful conduct has been widespread, repeated and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to

1    Plaintiffs and the FLSA Collective Class.

2          30.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and

3    the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class.

4    There are numerous similarly situated, current and former employees of the Defendant who have been

5    denied wages in violation of the FLSA who would benefit from the issuance of a Court-supervised

6    notice of the present lawsuit and the opportunity to join in the action.   Those similarly situated

7    employees are known to Defendant and are readily identifiable through Defendant's records.

8    <u>**MASSACHUSETTS STATE LAW CLASS ACTION ALLEGATIONS**</u>

9          31.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

10         32.     Plaintiff Adam Kilker brings the Massachusetts state claims described below under

11   Mass. Gen. Laws Ch. 151, §§ 1A and 1B on behalf of himself and as a class action pursuant to Rule

12   23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

13           All Apple Hourly Employees who worked in an Apple, Inc. retail store in the State of
             Massachusetts, who are or were employed within the two years preceding the filing of
14           this action by the Defendant, and who were: (a) not compensated for off-the-clock time
             spent waiting in security screening lines and undergoing personal package and bag
15           searches before being allowed to leave the premises; and/or (b) were not fully
             compensated for this time worked over forty hours per week at overtime rates (the
16           "Massachusetts Class").

17         33.     Excluded from the Massachusetts Class are Defendant, its legal representatives,

18   officers, directors, assigns, and successors, or any individual who has or had a controlling interest in

19   Apple.  Also excluded are persons and entities who submit timely and otherwise proper requests for

20   exclusion from the Massachusetts Class.

21         34.     Apple operates numerous facilities and employs thousands of Apple Hourly

22   Employees in Massachusetts and systematically fails and refuses to pay them for all compensable

23   hours worked.  The members of the Massachusetts Class are so numerous that joinder of all members

24   in one proceeding is impracticable.

25         *35.*     Plaintiff's claims are typical of the claims of other Massachusetts Class members

26   because Plaintiff was an hourly-wage, non-exempt employee who was not compensated for work

27   performed at the employer's request while waiting in lengthy security check lines and undergoing

28   personal package and bag searches.  Plaintiff and other Massachusetts Class members have sustained

1   similar types of damages as a result of Defendant's failure to comply with Massachusetts state law.

2   Plaintiff and other Massachusetts Class members have been injured in that they have been

3   uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of

4   conduct.

5           36.    Plaintiff will fairly and adequately protect the interests of the Massachusetts Class.

6   Plaintiff has retained counsel competent and experienced in complex class action and wage and hour

7   litigation.  There is no conflict between the Plaintiff and the Massachusetts Class.

8           37.    Common questions of law and fact exist as to the Massachusetts Class that

9   predominate over any questions solely affecting them individually and include, but are not limited to,

10  the following:

11          (a)    Whether Defendant failed and/or refused to pay Plaintiffs and the

12                 Massachusetts Class for all of the compensable time that they worked for

13                 Defendant while waiting in lengthy security check lines and undergoing

14                 personal package and bag searches in violation of Mass. Gen. Laws Ch. 151,

15                 §§ 1A and 1B;

16          (b)    Whether Defendant failed to keep true and accurate time records for all hours

17                 worked by their employees as required by Mass. Gen. Laws Ch. 151, § 15;

18          (c)    Whether Defendant correctly compensated members of the Massachusetts

19                 Class for hours worked in excess of forty per workweek;

20          (d)    Whether Defendant engaged in a pattern and/or practice in Massachusetts of

21                 forcing, coercing, and/or permitting Plaintiffs and Massachusetts Class

22                 members to perform work for Defendant's benefit which was not

23                 compensated;

24          (e)    Whether Defendant's policy of failing to pay workers was instituted willfully

25                 or with reckless disregard of the law;

26          (f)    The nature and extent of class-wide injury and the measure of damages for

27                 those injuries.

28

38.     Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Members of the Massachusetts Class are readily identifiable from Defendant's own records.

39.     Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class that would establish incompatible standards of conduct for the Defendant.

40.     Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the Massachusetts Class.

## OHIO CLASS ACTION ALLEGATIONS

41.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

42.     Plaintiff, Brandon Fisher, brings the Ohio state claims described below on his own behalf and as a class action pursuant to Federal Rule 23 on behalf of a Class consisting of:

> All Apple Hourly Employees who worked in an Apple, Inc. retail store in the State of Ohio, who are or were employed within the three years preceding the filing of this action by the Defendant, and who were: (a) not compensated for off-the-clock time spent waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "Ohio Class").

43.     Excluded from the Ohio Class are Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Apple. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the Ohio Class.

44.     Apple operates numerous facilities and employs thousands of Apple Hourly

1    Employees in the state of Ohio and systematically fails and refuses to pay them for all compensable

2    hours worked. The members of the Ohio Class are so numerous that joinder of all members in one

3    proceeding is impracticable.

4          45.     Plaintiff's claims are typical of the claims of other Ohio Class members because they

5    were hourly-wage employees who were not compensated for work performed at the employer's

6    request while waiting in lengthy security check lines and undergoing personal package and bag

7    searches. Plaintiff and other Ohio Class members have sustained similar types of damages as a result

8    of Defendant's failure to comply with Ohio Revised Code §4111.03. Plaintiff and other Ohio Class

9    members have been injured in that they have been uncompensated or under-compensated due to

10   Defendant's common policies, practices, and patterns of conduct.

11         46.     Plaintiff will fairly and adequately protect the interests of the Ohio Class.  Plaintiff

12   has retained counsel competent and experienced in complex class action and wage and hour litigation.

13   There is no conflict between Plaintiff and the Ohio Class.

14         47.     Common questions of law and fact exist as to the Ohio Class that predominate over

15   any questions solely affecting them individually and include, but are not limited to, the following:

16         (a)     Whether Defendant failed and/or refused to pay Plaintiffs and the Ohio Class

17                 for all of the compensable time that they worked for Defendant while waiting

18                 in lengthy security check lines and undergoing personal package and bag

19                 searches;

20         (b)     Whether Defendant failed to keep true and accurate time records for all hours

21                 worked by their employees;

22         (c)     Whether Defendant correctly compensated members of the Ohio Class for

23                 hours worked in excess of forty per workweek;

24         (d)     Whether Defendant correctly compensated members of the Ohio Class for

25                 hours worked under forty per workweek;

26         (e)     Whether Defendant failed to comply with the posting and notice requirements

27                 of the Ohio Revised Code;

28         (f)     Whether Defendant engaged in a pattern and/or practice in Ohio of forcing,

coercing, and/or permitting Plaintiff and Ohio Class members to perform work for Defendant's benefit which was not compensated;

(g) Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

48. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the Ohio Class are readily identifiable from Defendant's own records.

49. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Nevada that would establish incompatible standards of conduct for the Defendant.

50. Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the Ohio Class

**FIRST CLAIM FOR RELIEF**

**Violations of the Fair Labor Standards Act**

**(On Behalf of All Plaintiffs and the FLSA Collective Class)**

51. The preceding paragraphs are incorporated by reference as if fully set forth herein.

52. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiffs and each of the members of the FLSA Collective Class.

53.     Plaintiffs consent in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of Plaintiffs' Opt-in forms.  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

54.     The FLSA requires each covered employer such as the Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.  The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

55.     Plaintiffs and the members of the FLSA Collective Action were and are entitled to be paid minimum wage and overtime compensation for all hours worked.

56.     Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiffs and the members of the FLSA Collective Class for all of their hours worked in excess of 40 hours per week.  Plaintiffs do not assert any claims for "Gap Time" (uncompensated work performed under 40 hours per week) under the FLSA.

57.     By failing to compensate Plaintiffs and the members of the FLSA Collective Class for minimum wage and overtime compensation, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek damages in the amount of their unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

60.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek recovery of attorney's fees and costs, to be paid by the Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

**Violations of the Massachusetts Overtime Law – Nonpayment of Overtime Wages (Mass. Gen. Laws Ch. 151 §§ 1A, 1B)**

**(On Behalf of Plaintiff Adam Kilker and the Massachusetts Class)**

61.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

62.     Plaintiff Adam Kilker and members of the Massachusetts Class were employees of Apple, while Apple was the employer of Plaintiffs and members of the Massachusetts Class.

63.     It is public policy and law in the Commonwealth of Massachusetts that "...no employer in the commonwealth shall employ any of his employees...for a week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed..." (Mass. Gen. Laws Ch. 151, § 1A).

64.     Mass. Gen. Laws Ch. 151, § 1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151, § 1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

65.     During the class period, Defendant has violated Massachusetts law by failing to pay Plaintiff and the Massachusetts Class, time and one-half their regular rate of pay for all hours worked in excess of 40 hours worked within a workweek.

66.     By its conduct as set forth herein, Defendant violated Mass. Gen. Laws Ch. 151, § 1A by failing to pay Plaintiff and the Massachusetts Class time and one-half their regular rate of pay for all hours worked in excess of 40 hours worked within a workweek.

67.     Apple was not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the Massachusetts Class' unpaid minimum or overtime wages sought in this lawsuit.

68.     Apple was not authorized by Plaintiff or any Massachusetts Class members to withhold, divert or deduct any portion of their unpaid minimum or overtime wages sought in this lawsuit.

69.     Defendant's violations of Mass Gen. Laws Ch. 151, § 1A were repeated, willful and intentional. Accordingly, Plaintiff and members of the Massachusetts class have been damaged by these violations of Mass. Gen. Laws Ch. 151, § 1A.

70.     Pursuant to Mass. Gen. Laws Ch. 151, § 1A and § 1B Defendant is liable to Plaintiff and the members of the Massachusetts Class for three times their unpaid overtime compensation, plus

- 15 -
COMPLAINT

interest, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**Violations of Ohio Revised Code §4111.03 – Nonpayment of Overtime Wages**

**(On Behalf of Plaintiff Brandon Fisher and the Ohio Class)**

71.  The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

72.  Defendant is an "employer" within the meaning of Ohio Revised Code §4111.03(D)(2).

73.  Named Plaintiff Brandon Fisher and other members of the Ohio Class are "employees" within the meaning of Ohio Revised Code §4111.03(D)(3).

74.  By refusing to compensate hourly employees for waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises, Defendant has failed to pay Plaintiff and members of the Ohio Class overtime wages to which they are entitled under Ohio Revised Code §4111.03.

75.  Having violated Ohio Revised Code §4111.03, Defendant is liable to Plaintiff Brandon Fisher and other members of the Ohio Class pursuant to Ohio Revised Code §4111.10 for the full amount of the overtime wage rate, less any amount actually paid to the employees by Defendant, as well as reasonable attorneys' fees, costs and interest as provided by law.

### PRAYER FOR RELIEF

**WHEREFORE**, all Plaintiffs, individually and on behalf of the FLSA Collective Class, seek the following relief:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29

1    U.S.C. § 216(b);

2          B.    Designation of Plaintiffs as the Representatives of the FLSA Collective Class;

3          C.    Appointment of Plaintiffs' counsel as Lead Counsel for the FLSA Collective Class;

4          D.    A declaratory judgment that the practices complained of herein are unlawful under the

5    FLSA, and injunctive relief requiring termination or modification of the unlawful practices challenged

6    in this Complaint, including Defendant's improper requirement that Apple Hourly Employees wait in

7    

8    lengthy security check lines and undergo personal package and bag searches without compensation for

9    their time;

10         E.    An award of damages, according to proof, including but not limited to unpaid

11   overtime wages and lost benefits, to be paid by the Defendant;

12         F.    An award of costs incurred herein, including expert fees;

13         G.    An award of attorneys' fees pursuant to 29 U.S.C. § 216;

14   

15         H.    An award of pre-judgment and post judgment interest, as provided by law; and

16         I.    All such other relief as this Court shall deem just and proper.

17         **WHEREFORE**, Plaintiff Adam Kilker, individually and on behalf of the Massachusetts

18   Class, seeks the following relief:

19         A.    Certification of this action as a class action pursuant to Federal Rule 23 and the

20   appointment of Plaintiff as the representative of the Massachusetts Class and Plaintiffs' counsel as

21   Lead Counsel for the Massachusetts Class;

22   

23         B.    An award to Plaintiff and members of the Massachusetts Class of damages for the

24   amount of unpaid minimum wages in addition to interest subject to proof;

25         C.    An award to Plaintiff and members of the Massachusetts Class of damages for the

26   amount of unpaid overtime in addition to interest subject to proof;

27         D.    An award to Plaintiff and the members of the Massachusetts Class of reasonable

28   

- 17 -
COMPLAINT

attorneys' fees and costs pursuant to the Mass. Gen. Laws;

E.      An award of pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

F.      An award of costs of suit;

G.      A declaratory judgment that the practices complained of herein are unlawful under Mass. Gen. Laws, and injunctive relief requiring termination or modification of the unlawful practices challenged in this Complaint, including Defendants' improper requirement that Apple Hourly Employees wait in lengthy security check lines and undergo personal package and bag searches without compensation for their time;

H.      All such other relief as this Court shall deem just and proper.

**WHEREFORE,** Plaintiff Brandon Fisher, individually and on behalf of the Ohio Class, seeks the following relief:

A.      Certification of this action as a class action pursuant to Federal Rule 23 and the appointment of Plaintiff as the representative of the Ohio Class and Plaintiffs' counsel as Lead Counsel for the Ohio Class;

B.      An award to Plaintiff and members of the Ohio Class of damages for the amount of unpaid minimum wages in addition to interest subject to proof;

C.      An award to Plaintiff and members of the Ohio Class of damages for the amount of unpaid overtime in addition to interest subject to proof;

D.      An award to Plaintiff and the members of the Ohio Class of reasonable attorneys' fees and costs pursuant to the Ohio Revised Code;

E.      An award of pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

F.      An award of costs of suit;

1    G.    A declaratory judgment that the practices complained of herein are unlawful under

2  Ohio Revised Code, and injunctive relief requiring termination or modification of the unlawful

3  practices challenged in this Complaint, including Defendants' improper requirement that Apple

4  Hourly Employees wait in lengthy security check lines and undergo personal package and bag

5  searches without compensation for their time;

6    H.    All such other relief as this Court shall deem just and proper.

7

8                          **DEMAND FOR JURY TRIAL**

9          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of

10  all issues so triable.

11  DATED: August 14, 2013          By: _____

12                                      Kimberly A. Kralowec

13                                  Kimberly A. Kralowec (Cal. Bar No. 163158)
                                    THE KRALOWEC LAW GROUP
14                                  188 The Embarcadero, Suite 800
                                    San Francisco, California 94105
15                                  Telephone:    (415) 546-6800
                                    Facsimile:    (415) 546-6800
16                                  kkralowec@kraloweclaw.com

17

18                                  Lee S. Shalov
                                    Brett Gallaway
19                                  MCLAUGHLIN & STERN, LLP
                                    260 Madison Avenue
20                                  New York, NY 10016
                                    Telephone:    (212) 448-1100
21                                  Facsimile:    (212) 448-0066
                                    lshalov@mclaughlinstern.com
22                                  bgallaway@mclaughlinstern.com

23                                  Louis Ginsberg
24                                  LAW FIRM OF LOUIS GINSBERG, P.C.
                                    1613 Northern Blvd.
25                                  Roslyn, NY 11576
                                    Telephone:    (516) 625-0105
26                                  lg@louisginsberglawoffices.com

27                                  Attorneys for Plaintiffs and the Putative Classes
28

Ex A

I consent to be a party plaintiff in a lawsuit against Apple Inc. and/or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Law Firm of Louis Ginsberg, P.C., McLaughlin & Stern, LLP, and The Kralowec Law Group to represent me in such a lawsuit.


_____   7/31/13
Signature                          Dated


Adam Lee kilker
_____
Full Legal Name (print)


REDACTED   _____
Address


REDACTED   _____
City, State              Zip Code

I consent to be a party plaintiff in a lawsuit against Apple Inc. and/or related entities ("Apple") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I am/was employed by Apple from ~~April 9, 2010~~ March to June 24, 2012 and was denied wages and other compensation by virtue of the practices described in Plaintiffs' Complaint. I hereby designate The Law Firm of Louis Ginsberg, P.C., McLaughlin & Stern, LLP, and The Kralowec Law Group to represent me in such a lawsuit.

_____        8/7/13
Signature                       Dated

Brandon Fisher
Full Legal Name (print)

# REDACTED

Address

# REDACTED

City, State                     Zip Code

JS 44   (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Adam Kilker and Brandon Fisher, on behalf of themselves and all others similarly situated | Apple Inc., a California corporation |

| (b)  County of Residence of First Listed Plaintiff   **Worcester County, MA** | County of Residence of First Listed Defendant   **LB** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>see attachment | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** (above)<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**29 U.S.C. §216(b)**
Brief description of cause:
**Class action alleging underpayment of wages and overtime compensation**

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   **> $5,000,000**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE  **Elizabeth D. Laporte**   DOCKET NUMBER  **3:13-cv-03451-EDL**

| DATE<br>08/14/2013 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

*Kilker, et al. v. Apple Inc.*

Kimberly A. Kralowec (Cal. Bar No. 163158)
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, CA  94105
Telephone:      (415) 546-6800
Facsimile:      (415) 546-6801
*kkralowec@kraloweclaw.com*

Lee S. Shalov (*pro hac vice* application to be filed)
Brett Gallaway (*pro hac vice* application to be filed)
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY  10016
Telephone:      (212) 448-1100
Facsimile:      (212) 448-0066
*lshalov@mclaughlinstern.com*
*bgallaway@mclaughlinstern.com*

Louis Ginsberg (*pro hac vice* application to be filed)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, NY  11576
Telephone:      (516) 625-0105 X.13
*lg@louisginsberglawoffices.com*

Attorneys for Plaintiffs