JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LARA K. STRAUSS, Bar No. 222866
lstrauss@littler.com
MICHAEL G. LEGGIERI, Bar No. 253791
mleggieri@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  619.232.0441
Facsimile:  619.232.4302

TODD K. BOYER, Bar No. 203132
tboyer@littler.com
KARIN M. COGBILL, Bar No. 244606
kcogbill@littler.com
NICOLAS T. KELSEY, Bar No. 246060
nkelsey@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, California 95113.2303
Telephone:  408.998.4150
Facsimile:  408.288.5686

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADAM KILKER and BRANDON FISHER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No.  CV 13-3775-WHA<br><br>**DEFENDANT APPLE INC.'S ANSWER TO CLASS ACTION COMPLAINT** |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

Defendant Apple Inc. ("Apple") hereby answers the Class Action Complaint ("Complaint") of Plaintiffs Adam Kilker and Brandon Fisher (collectively "Plaintiffs") as follows:

**NATURE OF ACTION**

1.  Answering Paragraph 1 of the Complaint, this paragraph contains a description of Plaintiffs' lawsuit as alleged in Plaintiffs' Complaint, as well as legal conclusions, and does not contain factual allegations that require a response. To the extent Paragraph 1 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class treatment.

2.  Answering Paragraph 2 of the Complaint, Apple admits that it is one of the world's largest global technology companies which designs, manufactures and markets mobile communication and media devices, personal computers, and portable digital music players, and sells a variety of related software, services, peripherals, networking solutions, and third-party digital content and applications. Apple admits that it has retail stores in 14 countries, that it employs approximately 72,800 people worldwide, approximately 42,000 of which are employed in retail. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 2.

3.  Answering Paragraph 3 of the Complaint, Apple admits that some of the duties of a Genius include addressing various hardware and software issues with Apple products. Apple admits that the duties of a Specialist include customer support relating to retail sales of Apple products and accessories, and that employees with the job title of Specialist are typically required to have knowledge of and be able to perform light diagnostic checks on Apple hardware and software. Apple further admits that the duties of employees with the job title of Manager may include overseeing employees and tending to customer-related needs. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 3.

4.  Answering Paragraph 4 of the Complaint, Apple denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

2.                                               Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

5. Answering Paragraph 5 of the Complaint, Apple admits the Court has original jurisdiction over the allegations brought under the Fair Labor Standards Act "FLSA." To the extent Paragraph 5 contains factual allegations, Apple denies each and every allegation therein.

6. Answering Paragraph 6 of the Complaint, to the extent the allegations state a legal conclusion, these do not require a response. To the extent Paragraph 6 contains factual allegations, Apple denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Apple denies that this Court has or should exercise supplemental jurisdiction over the claims brought under Massachusetts and Ohio law, but admits it has jurisdiction over the FLSA claims. To the extent Paragraph 7 contains factual allegations, Apple denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Plaintiffs' statement that the FLSA claims are properly venued in the Northern District of California is a legal conclusion that does not require a response. Apple denies that the claims under Massachusetts and Ohio law are properly venued in the Northern District of California. Apple admits that its headquarters is within the Northern District of California. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 8.

**INTRADISTRICT ASSIGNMENT**

9. Answering Paragraph 9 of the Complaint, Apple admits that it maintains multiple retail stores within the counties comprising the San Francisco Division and employs hourly non-exempt employees at those locations. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 9.

**THE PARTIES**

10. Answering Paragraph 10 of the Complaint, Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegations regarding Plaintiff Adam Kilker's residence, and on that basis, denies the allegations. Apple admits that it employed Mr. Kilker on a part-time basis as a Specialist at the CambridgeSide Galleria retail store in Cambridge, Massachusetts beginning on or about October 20, 2007. Apple further admits that it

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

3.    Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

then employed him at the Natick Collection retail store on a part-time basis as a Specialist in Natick, Massachusetts until May 29, 2013. Apple admits that during his employment with Apple, Mr. Kilker was paid an hourly rate of between $12.50 and $16.66. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegation that Mr. Kilker was required to undergo personal package and bag searches throughout his employment, and on that basis, denies the allegations. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegations regarding Plaintiff Brandon Fisher's residence, and on that basis, denies the allegations. Apple admits that it employed Mr. Fisher at its Easton Town Center retail store in Columbus Ohio from March 2010 until November 2011, and at its Green Hills retail store in Nashville, Tennessee from November 2011 until June 2012, and that at times Mr. Fisher was employed as a Specialist. Apple denies that Mr. Fisher was employed on a full-time basis for the entire period of his employment. Apple admits that during Mr. Fisher's employment with Apple, he was paid an hourly rate of between $10.50 and $14.00. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegation that Mr. Fisher was required to undergo personal package and bag searches throughout his employment, and on that basis, denies the allegations. Apple also denies that Mr. Fisher ever worked for Apple in the State of New York, and therefore he has no standing to assert a claim under New York Labor Law against Apple. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Apple admits the allegations.

13. Answering Paragraph 13 of the Complaint, Apple admits that it designs, manufactures and markets mobile communication and media devices, personal computers, and portable digital music players, and sells a variety of related software, services, peripherals, networking solutions, and third-party digital content and applications. Apple further admits that it has retail stores in 14 countries and has over 410 retail stores. Apple admits that in its Fiscal Year

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

4.     Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

2012, the Company generated net sales of $156.5 billion. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Plaintiffs' allegation that "Apple is the 'employer' – single, joint or otherwise – of Plaintiffs and other members of the proposed classes . . ." states a legal conclusion that does not require a response. Apple admits that it employed Plaintiffs Kilker and Fisher. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 14.

## FACTUAL ALLEGATIONS

15. Answering Paragraph 15 of the Complaint, Apple admits that it employs non-exempt Geniuses, Specialists and Managers, who are paid on an hourly basis. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Apple admits that each Apple retail store has managers who are responsible for, among other things, overseeing the Geniuses and Specialists, and assigning daily tasks. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Apple admits that it hired Plaintiffs Kilker and Fisher and promised to pay hourly wages for their work. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Apple admits that its non-exempt hourly retail employees in the United States are required to accurately record all working time, including recording the start of the workday, the end of the workday, the start of the meal period and the end of the meal period. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 18, including the heading following Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Apple admits that it has a policy stating that some employees were subject to personal package and bag searches. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Apple denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

5.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

21. Answering Paragraph 21 of the Complaint, Apple denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that an employee sent the particular email quoted in this paragraph, and on that ground, denies the allegation. Apple also denies each and every remaining allegation contained in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Apple denies each and every allegation contained therein.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

24. Answering Paragraph 24 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

25. Answering Paragraph 25 of the Complaint, this paragraph contains a description of the alleged class that Plaintiffs seek to represent, as defined by Plaintiffs, and does not contain factual allegations that require a response. To the extent Paragraph 25 contains factual allegations, Apple denies each and every allegation contained therein and denies that this matter is suitable for collective action treatment.

26. Answering Paragraph 26 of the Complaint, this paragraph contains a description of individuals and entities who Plaintiffs allege are excluded from the alleged class that Plaintiffs seek to represent, as defined by Plaintiffs, and does not contain factual allegations that require a response. To the extent Paragraph 26 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for collective action treatment.

27. Answering Paragraph 27 of the Complaint, Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, denies each and every allegation contained therein. Apple further alleges that this matter is not suitable for collective action treatment.

28. Answering Paragraph 28 of the Complaint, Apple denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

6. Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

29. Answering Paragraph 29 of the Complaint, Apple denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Apple denies each and every allegation contained therein.

## MASSACHUSETTS STATE LAW CLASS ACTION ALLEGATIONS

31. Answering Paragraph 31 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

32. Answering Paragraph 32 of the Complaint, this paragraph contains a description of the alleged class Plaintiff Kilker seeks to represent, as defined by Plaintiffs, and does not contain factual allegations that require a response. To the extent Paragraph 32 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

33. Answering Paragraph 33 of the Complaint, this paragraph contains a description of individuals and entities who Plaintiffs allege are excluded from the alleged class Plaintiff Kilker seeks to represent, and does not contain factual allegations that require a response. To the extent Paragraph 33 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

34. Answering Paragraph 34 of the Complaint, Apple admits that it operates multiple facilities and employs individuals in the job titles included in Plaintiffs' definition of Apple Hourly Employees within Massachusetts. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 34 and alleges that this matter is not suitable for class action treatment.

35. Answering Paragraph 35 of the Complaint, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

36. Answering Paragraph 36 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 36 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

7.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

37. Answering Paragraph 37 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 37 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

38. Answering Paragraph 38 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 38 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

39. Answering Paragraph 39 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 39 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

40. Answering Paragraph 40 of the Complaint, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

## OHIO CLASS ACTION ALLEGATIONS

41. Answering Paragraph 41 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

42. Answering Paragraph 42 of the Complaint, this paragraph contains a description of the alleged class Plaintiff Fisher seeks to represent, as defined by Plaintiffs, and does not contain factual allegations that require a response. To the extent Paragraph 42 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

43. Answering Paragraph 43 of the Complaint, this paragraph contains a description of individuals and entities who Plaintiffs allege are excluded from the alleged class Plaintiff Fisher seeks to represent, and does not contain factual allegations that require a response. To the extent Paragraph 43 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

8.     Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

44. Answering Paragraph 44 of the Complaint, Apple states that it operates multiple facilities and employs individuals in the job titles included in Plaintiffs' definition of Apple Hourly Employees within Ohio. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 44 and alleges that this matter is not suitable for class action treatment.

45. Answering Paragraph 45 of the Complaint, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

46. Answering Paragraph 46 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 46 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

47. Answering Paragraph 47 of the Complaint, this paragraph contains legal conclusions and argument and does not contain factual allegations that require a response. To the extent Paragraph 47 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

48. Answering Paragraph 48 of the Complaint, this paragraph contains legal conclusions and argument does not contain factual allegations that require a response. To the extent Paragraph 48 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

49. Answering Paragraph 49 of the Complaint, this paragraph contains legal conclusions and argument does not contain factual allegations that require a response. To the extent Paragraph 49 contains factual allegations, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

50. Answering Paragraph 50 of the Complaint, Apple denies each and every allegation contained therein and alleges that this matter is not suitable for class action treatment.

**FIRST CLAIM FOR RELIEF**

51. Answering Paragraph 51 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

9. Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

52. Answering Paragraph 52 of the Complaint, Apple admits it has been, and continues to be, an 'employer' engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 52.

53. Answering Paragraph 53 of the Complaint, Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein, and on that basis, denies each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 54 contains factual allegations, Apple denies each and every allegation therein.

55. Answering Paragraph 55 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 55 contains factual allegations, Apple denies each and every allegation therein.

56. Answering Paragraph 56 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 56 contains factual allegations, Apple denies each and every allegation therein.

57. Answering Paragraph 57 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 57 contains factual allegations, Apple denies each and every allegation therein.

58. Answering Paragraph 58 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 58 contains factual allegations, Apple denies each and every allegation therein.

59. Answering Paragraph 59 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 59 contains factual allegations, Apple denies each and every allegation therein.

60. Answering Paragraph 60 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 60 contains factual allegations, Apple denies each and every allegation therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

10.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

**SECOND CLAIM FOR RELIEF**

61. Answering Paragraph 61 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

62. Answering Paragraph 62 of the Complaint, this paragraph is unintelligible, and appears to consist of legal conclusions, which do not require a response. Apple admits that it employed Plaintiff Kilker. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 62.

63. Answering Paragraph 63 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 63 contains factual allegations, Apple denies each and every allegation contained therein.

64. Answering Paragraph 64 of the Complaint, this paragraph contains legal conclusions that do not require a response. To the extent Paragraph 64 contains factual allegations, Apple denies each and every allegation contained therein.

65. Answering Paragraph 65 of the Complaint, Apple denies each and every allegation contained therein.

66. Answering Paragraph 66 of the Complaint, Apple denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Complaint, this paragraph is unintelligible, and appears to consist entirely of legal conclusions, which do not require a response. To the extent Paragraph 67 contains factual allegations, Apple denies each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, this paragraph is unintelligible, and appears to consist entirely of legal conclusions, which do not require a response. To the extent Paragraph 68 contains factual allegations, Apple denies each and every allegation contained therein.

69. Answering Paragraph 69 of the Complaint, Apple denies each and every allegation contained therein.

70. Answering Paragraph 70 of the Complaint, Apple denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Case No. CV 13-3775-WHA
ANSWER TO CLASS ACTION COMPLAINT

## THIRD CLAIM FOR RELIEF

71. Answering Paragraph 71 of the Complaint, Apple incorporates all of the preceding paragraphs of this Answer as though fully set forth herein.

72. Answering Paragraph 72 of the Complaint, Apple admits that it is an "employer" within the meaning of Ohio Revised Code § 4111.03(D)(2).

73. Answering Paragraph 73 of the Complaint, this paragraph contains legal conclusions that do not require a response. Apple admits that it employed Plaintiff Brandon Fisher in the State of Ohio. Except as expressly admitted, Apple denies each and every allegation contained in Paragraph 73.

74. Answering Paragraph 74 of the Complaint, Apple denies each and every allegation contained therein.

75. Answering Paragraph 75 of the Complaint, Apple denies each and every allegation contained therein.

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' Prayer For Relief does not contain factual allegations to which Apple is required to respond. To the extent the Prayer for Relief may be deemed to require a response, Apple denies each and every allegation contained therein.

## DEMAND FOR JURY TRIAL

Plaintiffs' Demand for Jury Trial does not contain factual allegations to which Apple is required to respond. To the extent the Demand for Jury Trial may be deemed to require a response, Apple denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Apple asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Apple's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes of action. Apple also expressly denies the existence of any alleged putative group of persons or "aggrieved employees" that Plaintiffs purport to represent in this lawsuit. Apple incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiffs."

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

12.    Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims and the claims of the putative class(es) are barred in whole or in part by the applicable statute(s) of limitations, including but not limited to, 29 U.S.C. § 255(a), Mass. Gen. Laws ch. 151, § 20A and Ohio Revised Code § 2305.11.

**THIRD AFFIRMATIVE DEFENSE**

This suit may not be properly maintained as a class action because: (a) Plaintiffs cannot establish the necessary elements for, class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the class claims described in the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (d) Plaintiffs' claims are not typical of the claims of the putative group; (e) Plaintiffs cannot fairly and adequately represent the interests of the purported class; (f) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiffs and the members of the alleged class does not exist.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a cognizable class under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, or any other applicable rule or law regulating the maintenance of collective actions, including but not limited to Plaintiffs' failure to establish that they were similarly situated to any other member of their purported class with respect to the alleged wrong.

**FIFTH AFFIRMATIVE DEFENSE**

In calculating overtime liability, if any, Apple is entitled to the exclusion of all time spent on preliminary or postliminary activities – or activities that are otherwise not integral and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

13.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

indispensable to the employees' principal activities – excludable from hours worked under 29 U.S.C. § 254 and Massachusetts and Ohio law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class are barred in whole or in part by the provisions of 29 U.S.C. § 259 and under Massachusetts and Ohio law because actions taken in connection with Plaintiffs' and/or the putative class members' compensation were done in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies, including but not limited to those of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class for liquidated damages are barred in whole or in part by the provisions of 29 U.S.C. § 260 and under Massachusetts and Ohio law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions did not violate the law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class are barred by the equitable doctrines of unclean hands, estoppel, waiver and/or laches.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiffs and/or members of the putative class succeed in establishing any violation of the law, and to the extent any sums are found due and owing to Plaintiffs and/or members of the putative class, Apple is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

14.                    Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

### ELEVENTH AFFIRMATIVE DEFENSE

Those Plaintiffs and members of the putative class, or anyone else who joins this lawsuit, who filed claims for bankruptcy and failed to list a wage claim against Apple as a potential asset in their bankruptcy filings are barred from pursuing their wage claims for lack of standing, or under the doctrines of judicial estoppel and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and/or the putative class have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Apple should be reduced and/or eliminated by such a failure.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any damages suffered were the result of failure by Plaintiffs and/or the putative class to comply with the reasonable expectations of Apple and/or follow Apple's reasonable instructions and/or policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the hours worked by Plaintiffs and/or the putative class and claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under the Fair Labor Standards Act, the Massachusetts General Laws ch. 151, Ohio Revised Code § 4111.03 and/or any other applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute the claims asserted in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Court finds that Apple took any actions or omissions with respect to Plaintiffs, such acts or omissions concerning or affecting Plaintiffs and the putative classes or subclasses Plaintiffs purport to represent were undertaken in good faith to comply with the law, and with reasonable grounds that the actions did not violate the law, and were justified, proper, and lawful, and were taken without any intent to violate the law.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

15. Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported claims are barred in whole or in part by their failure to mitigate their damages, insofar as Plaintiffs failed to utilize internal complaint procedures available to them regarding the matters alleged in the Complaint. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiffs purport to represent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported claims and the claims they seek to assert on behalf of others are barred to the extent that they are based on alleged hours worked of which Apple lacked actual or constructive knowledge and/or that violated Apple's policies and procedures.

**NINETEENTH AFFIRMATIVE DEFENSE**

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Apple's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

As applied in this putative class action, imposition of civil penalties and/or punitive damages would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution, as made applicable to the states under the Fourteenth Amendment to the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of the putative class cannot be maintained against Apple because if employees of Apple took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Apple and/or Apple did not know of nor should they have known of such conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Apple to recovery of its reasonable attorneys' fees.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

16.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs and/or putative class members released the claims and damages sought and/or acknowledged an accord and satisfaction and/or release of any claim asserted in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members are entitled to any additional compensation, which Apple denies, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiffs and/or putative class members received from Apple in excess of the compensation to which they were legally entitled to for the work performed, including but not limited to hours paid for time in which no work was performed, and/or any monies recovered by or previously paid to Plaintiffs and/or putative class members for the same or similar claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This case cannot proceed as a class action under Federal Rule of Civil Procedure 23 because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to adjudicate Plaintiffs' claims under Massachusetts and Ohio law and venue is not proper in the United States District Court for the Northern District of California for said claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for minimum wage are barred, in whole or in part, due to the fact that, at all relevant times, they were compensated at or above the applicable minimum wage rate under the FLSA and under Massachusetts and Ohio law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred, in whole or in part, because Apple at all times acted in good faith to comply with the FLSA and had reasonable grounds for believing it was in compliance with the FLSA. No

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

17.   Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

act or omission of Apple which is alleged to violate the FLSA was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiffs and/or the putative collective action members therefore are not entitled to any extension of the two-year non-willful statute of limitations period.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This Court should not exercise supplemental jurisdiction over Plaintiff Kilker's claim under Massachusetts law or Plaintiff Fisher's claim under Ohio law.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs, as former employees, lack standing to represent the putative class of current employees of Apple, as they cannot seek injunctive relief. For these reasons, Plaintiffs are also inadequate class representatives.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Rule 23 class allegations fail as a matter of law because litigating a Rule 23 opt-out class action in the same action as a Section 216(b) opt-in collective action is inherently incompatible and results in a violation of the Rules Enabling Act, 28 U.S.C. § 2072(b). The Rules Enabling Act bars any member of the class or collective action from recovering any greater amount from Defendant than if that individual sued Defendant in his or her individual capacity.

### ADDITIONAL DEFENSES

Apple presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief as follows:

1. That Plaintiffs and any putative plaintiffs or class members take nothing and that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Apple's favor;

3. That Apple be awarded its attorneys' fees and costs of suit herein; and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

18.      Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT

4. That Apple be awarded such other and further relief as the Court deems just and proper.

Dated: September 19, 2013

                                            //s// *Todd K. Boyer*
                                            TODD K. BOYER
                                            LITTLER MENDELSON, P.C.
                                            Attorneys for Defendant
                                            APPLE INC.

Firmwide:122821254.3 043907.1188

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

19.                             Case No. CV 13-3775-WHA

ANSWER TO CLASS ACTION COMPLAINT